PHILIP D. LAIRD ET ALS., CONSTITUTING THE PUBLIC
SERVICE COMMISSION OF MARYLAND,

*vs.*

THE BALTIMORE & OHIO RAILROAD COMPANY,
A CORPORATION,

AND

THE BALTIMORE & OHIO RAILROAD COMPANY,
A CORPORATION,

*vs.*

PHILIP D. LAIRD ET ALS., CONSTITUTING THE PUBLIC
SERVICE COMMISSION OF MARYLAND.

*Decided June 25th, 1913.*

Two appeals from the Circuit Court of Baltimore City
(GORTER, J.).

. The facts are stated in the opinion of the Court.

The causes were argued together before BOYD, C. J., BRIS-
COE, BURKE, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Albert C. Ritchie* and *W. Cabell Bruce,* for the Public
Service Corporation.

*Hugh L. Bond,* for the Baltimore & Ohio Railroad Com-
pany.

STOCKBRIDGE, J., delivered the opinion of the Court.

The appeals in the above entitled causes grow out of the
same proposed issue of bonds as that considered by this Court
in the two immediately preceding appeals. With a single
exception there is no difference in the allegations set forth in
the bill of complaint.

Apparently after the passage of the decree of February
25th, 1913, by the Circuit Court No. 2 of Baltimore City,
in the previous case, the Baltimore and Ohio Railroad did
submit for the approval of the Commission the proposed
issue of $63,250,000 gold, 4½ per cent. bonds, together with
certain data in relation thereto, which does not appear in the
record in this case. Such is at least the reasonable inference
to be drawn from the fourth and sixth paragraphs of the
bill, which read as follows:

"4. That Baltimore and Ohio Railroad Company in sub-
mitting for the approval of the Commission a certain issue
of twenty-year four and one-half per cent. Convertile Gold
Bonds stated that said company had issued its three-year
four and one-half per cent. Secured Gold Notes to the amount
of $50,000,000, which notes would mature June 1, 1913,
and that the decision as to what part of the proceeds of said
Convertible Bonds would be applied to meeting the obliga-
tions of said notes had not yet been determined.

"From statements made to them, your Orators believe and
charge that said company proposes or is about to issue notes,

payable at periods of more than twelve months after the date thereof, to renew or refund said notes, maturing June 1, 1913, or some part thereof, and that said company does not intend to apply to the Commission for authority to issue such notes in accordance with the requirements of the Public Service Commission Law.

"6. That your Orators charge that it is absolutely illegal and unlawful and contrary to the public policy of this State and to the express provisions of the Public Service Commission Law for the defendant company to issue any bonds, notes or other evidences of indebtedness, payable at periods more than twelve months from the date thereof, without first securing as a condition precedent thereto, an order from the Public Service Commission in the form and to the effect prescribed by law, authorizing such issue; and that, as already shown, the defendant company is about to commit this illegal and unlawful act, and will do so unless restrained by this Honorable Court."

This does not present any question arising out of a new and additional issue of bonds to that considered in the former case, only the question is as to the disposition or application of a portion of the moneys derived therefrom. The legality of the gold notes mentioned as maturing June 1st, 1913, is not in any way involved. Those had been issued and were outstanding obligations of the railroad when the Commission was created. It is not necessary again to repeat the considerations, or authorities, regarded as controlling in the former case. They all apply, however, with equal force to the present appeal.

The form of the decree in this case is open to the same criticism as was the decree in the preceding case, and for the reasons then stated the same course must be pursued, as set forth in the *per curiam* opinion and decree heretofore filed in this case.